2023 PA Super 92

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN HORLICK | : | |
| | : | |
| Appellant | : | No. 781 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 31, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005890-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

OPINION BY PANELLA, P.J.: **FILED: May 26, 2023**

Austin Horlick appeals the judgment of sentence entered by the Allegheny County Court of Common Pleas on May 31, 2022, for his conviction of strangulation and simple assault. Specifically, Horlick claims the evidence was insufficient to sustain his strangulation conviction because the Commonwealth could not establish he intentionally or knowingly impeded the breathing of the victim. We find the claim without merit and affirm.

For purposes of this appeal, the following facts are not disputed. The incident occurred on June 20, 2021, while Kaylie Austin, who had been in an intimate relationship with Horlick for about a year, was living in a hotel with him. **See** N.T., 3/10/22, at 35-37. A verbal argument regarding Horlick's drug use and suicidal tendencies turned physical. **See id.** at 16.

---

[*] Retired Senior Judge assigned to the Superior Court.

Horlick punched her in the ribs and head. *See id.* at 19-20. Horlick then grabbed Austin by the shoulders, took her down to the ground, and straddled her by placing his knees on her shoulders. *See id.* at 16-19. While she lay prone on her back with Horlick on top of her, he placed both hands around her neck and applied pressure which made it difficult for her to breathe. *See id.* Austin said Horlick's choking caused her to experience ringing in her ears, she saw stars, urinated herself, and lost consciousness for a brief second. *See id.* 19-22. The 10-to-15 minute altercation ended when Horlick ordered Austin to leave and, dressed in only a t-shirt, she ran to a nearby gas station where an employee called the police. *See id.* at 20-21.

Austin was lightheaded and dizzy with an actively bleeding lip when the police and paramedics arrived. *See id.* at 22. Austin suffered cuts, abrasions, and tenderness in her ankles, shoulder, wrist, hip, and knee. *See id.* at 75. Austin testified she had bruising to her jawline, arms, legs, neck, and adenoids and on-going pain in her hips as well as limited mobility in her neck and difficulty swallowing food. *See id.* at 24-25.

After a bench trial, the trial court found Horlick guilty of strangulation and simple assault and not guilty of aggravated assault. *See id.* at 90-91. After appearing for a sentencing hearing, the trial court sentenced Horlick to 36-72 months' incarceration. *See* N.T., 5/31/2022, at 31.

Horlick now appeals, arguing the strangulation conviction asserting the evidence is insufficient to prove he intentionally or knowingly restricted Austin's breathing. **See** Appellant's Brief at 5.

In reviewing sufficiency of the evidence claims, this Court must "determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." **Commonwealth v. Olsen**, 82 A.3d 1041, 1046 (Pa. Super. 2013). As this was a bench trial, the trial court is the finder of fact, and this Court will not "re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id.** The fact-finder may resolve any doubts regarding a defendant's guilt "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Id.** Moreover, "[t]he evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Id.** A complainant's testimony alone is sufficient to sustain a conviction for a criminal offense, "so long as that testimony can address and, in fact, addresses, every element of the charged crime." **Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa. Super. 2018).

In his appeal, Horlick concedes he assaulted Austin, describing his conduct towards Austin as "reprehensible and inexcusable." He summarizes the evidence supporting the strangulation charge as follows:

> Here, viewing the facts in the light most favorable to the Commonwealth, it is undisputed that Mr. Horlick physically assaulted [Austin], striking her about her head and body. With respect to the evidence of Mr. Horlick's conduct regarding the offense of Strangulation, [Austin] testified and the Trial Court made the finding that Mr. Horlick placed his hands upon [Austin's] neck. [Austin] further testified that Mr. Horlick applied pressure resulting in her losing consciousness for a "brief second."

Appellant's Brief, at 13-14.

Horlick argues that the evidence is only sufficient to show his actions were reckless since there is no evidence of Horlick stating his intentions, such as "I'm going to kill you." *Id.* at 15. Additionally, Horlick points to the fact that he stopped putting pressure on Austin's neck once she began losing consciousness. *See id.*

The offense of strangulation is committed when, "the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by [] applying pressure to the throat or neck." 18 Pa.C.S.A. § 2718(a)(1). The Crimes Code defines "intentionally" as the actor's "conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A. § 302(b)(1)(i). The Code defines "knowingly" as the actor being "aware that his conduct is of that nature or that such circumstances exist." 18 Pa.C.S.A. § 302(b)(2)(i). "Intent can be proven by direct or circumstantial evidence [and] it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Miller*, 172 A.3d 632, 641 (Pa. Super. 2017).

Here, Horlick is correct that the record contains no direct evidence of his state of mind. However, we disagree that this means the evidence was insufficient to establish any state of mind beyond reckless. In fact, as there is rarely direct evidence of a defendant's state of mind, intent is often established through circumstantial evidence alone. *See Commonwealth v. Matthew*, 909 A.2d 1254, 1257 (Pa. 2006); *see also Commonwealth v. Utter*, 421 A.2d 339, 341 (Pa. Super. 1980) ("Appellant's intent may be established by circumstantial evidence since there is rarely any direct evidence of one's subjective state of mind." (citation omitted)).

It is undisputed for purposes of this appeal that during a verbal argument, Horlick struck Austin repeatedly. He then forced Austin to the ground, where he pinned her shoulders with his knees while straddling her torso. Horlick then placed his hands on her neck and applied enough pressure to cause Austin to momentarily lose consciousness.

As Horlick concedes in his brief, his squeezing of Austin's neck occurred while he was assaulting Austin. Under these circumstances, it was reasonable for the trial court to infer that Horlick applied pressure on Austin's neck with the intent to restrict her airway. We cannot accept Horlick's assertion that the finding of intent was based solely on "suspicion and surmise." Appellant's Brief, at 10 (quoting *Commonwealth v. Bausewine*, 46 A.2d 491, 493 (Pa. 1946). The mere fact of squeezing a person's neck is well understood to impede that person's breathing; this fact alone is enough for a fact-finder to reasonably

infer that the result is known or intended. To be clear, we are not providing for strict liability. While this evidence is sufficient for a fact-finder to infer intent, the fact-finder may conclude other circumstances negate the reasonable inference about the defendant's state of mind.

Further, Horlick's release of his grip once Austin began to lose consciousness does not necessarily refute that he intended to restrict her airway. The fact that Horlick quickly regretted his actions does not negate the conclusion that he acted intentionally. The evidence was certainly sufficient to support the trial court's verdict.

Moreover, we emphasize that the statute does not set forth the point at which the victim's breathing must be restricted to prove strangulation. ***See*** 18 Pa.C.S.A. § 2718(a)(1). Here, the evidence established that Horlick impeded Austin's breathing by applying pressure to her neck and throat.

Accordingly, Horlick's sole issue on appeal merits no relief. We therefore affirm his judgment of sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2023