J-S45028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN RICHARD SEIBERT JR. | : | |
| Appellant | : | No. 740 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006403-2019

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: JANUARY 3, 2024**

Steven Richard Seibert, Jr., appeals from the judgment of sentence, imposed in the Court of Common Pleas of Dauphin County, after a jury convicted him of sale or transfer of firearms[1] and unsworn falsification to authorities.[2]  Counsel has filed an ***Anders***[3] brief and a petition to withdraw from his representation of Seibert.  Upon review, we grant counsel's petition to withdraw and affirm Seibert's judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6111(g)(4).

[2] ***Id.*** at § 4904(a).

[3] ***Anders v. California***, 386 U.S. 738 (1967).  ***See also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

The trial court set forth the facts of this matter as follows:

On February 13, 1998[, Seibert] appeared in Clinton County, Pennsylvania and entered [pleas] of guilty [] to DUI, 75 Pa.C.S.A. § 3731(a)(4), as [] second degree misdemeanors for [two separate] incident[s] occurring November 1, 1997 [and] December 7, 1997. The plea colloquy advised [Seibert] that the maximum period of incarceration for both offenses was two years. [Seibert] was 18 years old at the time this plea was entered.

On May 31, 2001, [Seibert] appeared in Clinton County and entered a plea of guilty [] to DUI, [section] 3731(a)(4), as a first[-]degree misdemeanor, for an incident occurring April 23, 2001. The plea colloquy advised [Seibert] that the maximum period of incarceration for this offense was five years.

[] On October 6, 2004, [Seibert] appeared at [Flowers Gun Shop] for the purpose of purchasing two firearms. [Seibert] was required to complete both a [s]tate and federal form as part of the purchasing process. Question 31 on the Pennsylvania application form asked whether [Seibert] had ever been convicted of a crime enumerated in [18 Pa.C.S.A. §] 6105(b) or whether any of the conditions under [section] 6105(c)[4] applied to him. Question 32 asked [Seibert] whether he had been charged with or convicted of a crime punishable by imprisonment for a term exceeding one year. Both questions referred [Seibert] to the information on the back of the page before answering. There[, Seibert] was advised that he would be prohibited from possessing a firearm in Pennsylvania if he was convicted of [three] or more separate DUIs within a [five-]year period. [Seibert] initially answered "yes" to both questions but, when told by [the gun shop owner] that she could not sell him a firearm because of those answers, [Seibert] stated that he misread or misunderstood the questions. He then changed those answers to "no." On the separate federal form[,] Question 12(c) asked whether [Seibert] had been convicted of a felony or any other crime for which he could have been imprisoned for more than one year. [Seibert] responded "no." The following day [Seibert's] application to purchase a firearm was denied by the Pennsylvania State Police

_____

[4] Section 6105(c)(3) prohibits the purchase of a firearm by anyone who "has been convicted of [DUI] as provided in [section] 3802 . . . on three or more separate occasions within a five-year period."

Instant Check System. [Seibert] challenged that denial. By letter dated October 15, 2004, the Pennsylvania State Police notified [Seibert] that his request was denied because of his convictions for DUI incidents on November 1, 1997, December 7, 1997[,] and April 23, 2001.

On February 1, 2005[, Seibert] appeared with counsel in Cumberland County, Pennsylvania and entered a plea of guilty [] to DUI, 75 Pa.C.S.A. § 3802(c) (highest rate), as a second[-]degree misdemeanor, for an incident occurring April 15, 2004. The maximum possible sentence was two years['] incarceration. On that same date[, Seibert] also entered a plea of guilty to DUI, [section] 3802(a)(1), as a third offense and a first[-]degree misdemeanor for an incident occurring July 9, 2004[. Seibert's] plea counsel testified [at trial in the instant matter] that he would have advised his client that the maximum possible sentence was five years['] incarceration. . . .

On March 9, 2010, [Seibert] appeared in Dauphin County, Pennsylvania and entered a plea of guilty [] to [a]ltered, [f]orged or [c]ounterfeit [d]ocuments and [p]lates, 75 Pa.C.S.A. § 7122(1), as a first[-]degree misdemeanor. The written plea colloquy form did not indicate the maximum period of incarceration for this offense.

[At trial,] Kyle Sendatch [testified that, on] August 17, 2019, [he] was employed at Bass Pro Shop in Dauphin County and had been trained to process firearm purchases. At that time[,] the process for completing the federal firearm application form was done electronically at this store[,] while the Pennsylvania application was a paper form to be completed by the customer. After verifying the applicant's identification, Sendatch would first refer the purchaser to the federal firearm transaction form ([F]orm 4473). That form would be completed by the customer[,] who would then be provided with the Pennsylvania form. Upon completion of both forms[,] Sendatch would call the information in to the Pennsylvania check system for the purpose of obtaining clearance to proceed with the sale. Although unable to recall specifically interacting with [Seibert], Sendatch was able to verify from both the federal and Pennsylvania forms that he was involved with [Seibert's] attempt to purchase two firearms on that occasion.

On the federal form[, Seibert] responded "no" to Question 11(c)[,] asking whether he had ever been convicted of a crime for which

he could have been imprisoned for more than one year. On page 2 of the form[, Seibert] entered his signature indicating that his answers were correct. As was the situation in 2004, the Pennsylvania form contained Questions 31 and 32[,] asking the applicant whether he had been convicted of certain offenses (including three or more DUIs within a [five-]year period) or sentences that could have exceeded one year of imprisonment. To both questions[, Seibert] responded "no." He then placed his signature on the form indicating that responses were true and correct to the best of his knowledge. Upon completion of the forms[,] Sendatch was advised that [Seibert] was not eligible to purchase a firearm and would have so informed him verbally. [Seibert] challenged this determination with the Pennsylvania State Police[.]

The parties stipulated that as of August 17, 2019, [Seibert] did not have a license to carry a firearm in Pennsylvania. They also stipulated that none of [Seibert's] prior convictions had been pardoned or expunged.

Trial Court Opinion, 7/7/23, at 1-4 (footnotes omitted).

On April 4, 2022, a jury convicted Seibert of the above-mentioned offenses. The trial court deferred sentencing for the preparation of a presentence investigation report ("PSI"). On June 1, 2022, trial counsel filed a petition to withdraw as counsel. On June 3, 2022, Seibert appeared for sentencing. However, in light of counsel's petition to withdraw, the court instead addressed that issue. Upon questioning by the court, Seibert stated that counsel had "misrepresented [him] in this case the whole way through" and he wished to hire another lawyer to represent him. N.T. Hearing, 6/3/22, at 4, 9. Accordingly, the court granted counsel's motion to withdraw and

continued sentencing.[5]  On January 5, 2023, the trial court held a sentencing hearing, at which Seibert was represented by a public defender.  The court sentenced Seibert to an aggregate term of two to five years' incarceration. Seibert did not file post-sentence motions.

On January 26, 2023, Seibert filed a *pro se* notice of appeal, in which he purported to appeal an order dated January 17, 2023.  He also submitted a document dated January 16, 2023, entitled "Order of Appeal" in which he sought to revisit the court's dismissal of his motion to vacate and set aside the verdict.  On January 30, 2023, the trial court issued an order stating that it would treat Seibert's notice of appeal as a post-sentence motion raising issues "more appropriately addressed pursuant to a petition filed under the provisions of the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, et seq." Order, 1/30/23, at 2.  Accordingly, the court denied Seibert's "post-sentence motion" and advised him of his right to file an appeal within 30 days.

In the meantime, Seibert's January 26, 2023 *pro se* notice of appeal was docketed in this Court at number 148 MDA 2023.  On February 27, 2023, counsel of record for Seibert filed a motion seeking remand to the trial court for purposes of a *Grazier* hearing.  On March 1, 2023, this Court entered an order directing the trial court to conduct a *Grazier* hearing to determine

_____

[5] On August 19, 2022, Seibert filed a *pro se* motion to vacate and set aside the jury verdict, alleging that his trial counsel was ineffective.  The Commonwealth filed a response.  Following a status conference at which Seibert was represented by stand-by counsel, the court denied the motion without prejudice.

whether Seibert wished to proceed on appeal *pro se* or with counsel and, if he wished to proceed *pro se*, whether his waiver of counsel was knowing, intelligent, and voluntary. **See** Order, 2/27/23. Following the **Grazier** hearing, the court ordered that Seibert would be represented by the Office of the Public Defender.

On May 8, 2023, counsel for Seibert filed in this Court a *praecipe* to withdraw the appeal docketed at 148 MDA 2023. On May 9, 2023, counsel filed a petition in the trial court seeking permission to appeal, *nunc pro tunc*, which the Commonwealth did not oppose. The court granted Seibert's petition on May 11, 2023, and directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Seibert filed a notice of appeal, *nunc pro tunc*, on May 19, 2023. Seibert's counsel filed a timely Rule 1925(b) statement on June 1, 2023, challenging the sufficiency of the evidence supporting his convictions. On June 6, 2023, Seibert, while represented by counsel, filed a *pro se* Rule 1925(b) statement. Seibert's counsel has filed, with this Court, an application to withdraw as counsel and an accompanying **Anders** brief, to which Seibert has filed a *pro se* response.

Prior to reviewing Seibert's claims, we must determine if counsel has complied with the procedural requirements for withdrawal. In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3)

furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001); **see also Commonwealth v. Bennet**, 124 A.3d 327, 333 (Pa. Super. 2015) (where appellant files *pro se* response, this Court treats it as appellate brief and response is required to adhere to appellate briefing rules). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made a conscientious examination of the record and determined the appeal is wholly frivolous. Counsel indicates that he supplied Seibert with a copy of the **Anders** brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[6] In the **Anders** brief, counsel sets out three issues of arguable merit and, pursuant to the dictates of **Santiago**, explains why he believes the appeal to be

---

[6] Seibert's *pro se* response to counsel's **Anders** brief and application to withdraw consists of a copy of his *pro se* Rule 1925(b) statement. Because Seibert fails to develop any argument whatsoever with regard to the bald claims raised in his Rule 1925(b) statement, he has waived all claims raised in response to counsel's **Anders** brief and application to withdraw. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (where appellate brief fails to develop issue in any meaningful fashion capable of review, appellant waives that claim); **Bennet**, **supra** (*pro se* response to **Anders** brief must comport with appellate rules).

frivolous. Thus, counsel has substantially complied with the requirements for withdrawal. We now turn to our independent review of the record to determine whether Seibert's appeal is wholly frivolous.

Counsel first raises a challenge to the sufficiency of the evidence.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

***Commonwealth v. Newton***, 994 A.2d 1127, 1131 (Pa. Super. 2010).

Pursuant to the Uniform Firearms Act, "[a]ny person, purchaser or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally . . . makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies[.]" 18 Pa.C.S.A. § 6111(g)(4)(ii). "[A]ny knowingly false statement given by a person in connection with the purchase of a firearm—even if given in response to the questions on the federal form—is 'material' and would subject that person to prosecution." ***Commonwealth v. Baxter***, 956 A.2d 465, 472 (Pa. Super. 2008).

Section 4904, which governs unsworn falsification to authorities, provides in pertinent part: "A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be

true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." 18 Pa.C.S.A. § 4904(b).

The Crimes Code further provides as follows regarding the relevant kinds of culpability:

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b). "Intent can be proven by direct or circumstantial evidence [and] it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Horlick*, 296 A.3d 60, 63 (Pa. Super. 2023), quoting *Commonwealth v. Miller*, 172 A.3d 632, 641 (Pa. Super. 2017).

Here, the evidence was sufficient to prove, beyond a reasonable doubt, that Seibert was aware that his prior convictions rendered him ineligible to purchase a firearm under state and federal law. In 1998, Seibert pled guilty

to two separate DUI charges for which the maximum period of incarceration was two years; in 2001, he pled guilty to a third DUI offense, for which the maximum term was five years. Nevertheless, Seibert stated on the Pennsylvania application that he had not been convicted of three or more separate DUIs within a five-year period and that he had not been convicted of a crime for which he could have been imprisoned for more than one year. Similarly, Seibert answered "no" on the federal form to the question asking whether he had ever been convicted of a crime for which he could have been imprisoned for more than one year. As the trial court noted in its opinion,

> [t]he Commonwealth presented [Seibert's] criminal history and his prior attempt to purchase a firearm [from Flowers Gun Shop in 2004] to show that he was familiar with the process and the reasons for a prior purchase denial. Furthermore, [Seibert] had accumulated additional convictions after that 2004 attempt to purchase a firearm. Although the Commonwealth could present no evidence of intent[,] the jury could certainly ascertain [Seibert's] intent from the circumstances. Although [Seibert] denied any intent to mislead, the jury was free to reject that testimony.

Trial Court Opinion, 7/7/23, at 4-5.

Because Seibert's prior convictions rendered him ineligible to purchase a firearm and the jury could have inferred the requisite *mens rea* "from acts or conduct or from the attendant circumstance," **Horlick**, 296 A.3d at 63, the evidence was sufficient to convict him of sale or transfer of firearms and unsworn falsification to authorities.

- 10 -

The final two issues raised by counsel in his **Anders** brief involve the discretionary aspects of Seibert's sentence and the weight of the evidence. Counsel has properly concluded that both claims are waived.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

**Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa. Super. 2016), quoting **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Seibert did not raise a claim regarding the discretionary aspects of his sentence at his sentencing hearing, nor did he file a motion to modify the sentence imposed. Therefore, he has waived this issue for failing to preserve it. An issue that is waived is frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (when issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Likewise, Seibert's challenge to the weight of the evidence is waived. "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A);

***Commonwealth v. McCall***, 911 A.2d 992, 997 (Pa. Super. 2006) ("The purpose of [Rule 607(A)] is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). Because Seibert did not preserve his weight claim in the trial court, it is waived and, therefore, frivolous. ***See Kalichak***, 943 A.2d at 291.

Following our review of the issues raised in counsel's ***Anders*** brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, Seibert failed to present any issues of merit in his *pro se* response to counsel's ***Anders*** brief. Accordingly, we grant counsel's petition to withdraw and affirm Seibert's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted. Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/03/2024