**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS AHMAD | : | |
| | : | |
| Appellant | : | No. 1416 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001038-2023

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 29, 2025**

Appellant, Thomas Ahmad (Appellant), appeals from the judgment of sentence entered on August 29, 2024 in the Criminal Division of the Court of Common Pleas of Northumberland County, following his jury trial convictions for strangulation, simple assault, and summary harassment – subject other person to physical contact.[1]  We affirm.

On June 1, 2023, Appellant and Lauraleigh Pease (Victim) got into an altercation. At trial, Victim testified that Appellant came home from a party intoxicated, and she started to share her general concerns about the state of their relationship.  N.T. Trial, 6/13/24, at 27.  Victim said to Appellant that she no longer felt he loved her.  *Id.*  Appellant confirmed this was true, and Victim began to cry.  *Id.*  Victim testified that Appellant began to choke her

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1), and 2709(a)(1).

at this time. *Id.* According to Victim, Appellant got on top of her, applied pressure with both hands to her throat, and whispered, "shhh, go to sleep, it'll be over soon, just go to sleep." *Id.* Victim further stated that "it felt like [her] face was going to pop off. My vision was going black." *Id.* at 28.

Victim continued to struggle and, although she temporarily broke free, Appellant struck her in the face. *Id.* During the altercation, Victim sustained injuries to her neck, head, and arms before she overtook Appellant and declared, "this is done." *Id.* at 29-30. Victim then summoned the police. *Id.* at 30. She left her children with a neighbor and went to the hospital, after photographs were taken of her injuries. *Id.* at 29. Victim testified that Appellant "[put] as much pressure as he could down on my neck." *Id.* at 30.

At the conclusion of trial on June 13, 2024, a jury found Appellant guilty of the above-referenced charges. Thereafter, on August 29, 2024, Appellant received an aggregate sentence of 16 to 48 months' incarceration.[2] No post-sentence motions were filed. Appellant lodged a direct appeal on September 24, 2024 and filed a concise statement of errors complained of on

---

[2] More specifically, the trial court ordered Appellant to serve 16 to 48 months' incarceration for strangulation and one to 24 months' incarceration for simple assault. These sentences were imposed concurrently. This Court has previously held that strangulation and simple assault do not merge for sentencing purposes. *See Commonwealth v. Butler*, 256 A.3d 19, *4 (Pa. Super. 2021) (non-precedential decision) ("simple assault under [Section 2701(a)(1) and strangulation under Section 2718(a)(1)] each contain an element the other does not" and, thus, the offenses do not meet the two-part merger test outlined in 42 Pa.C.S.A. § 9765). Pursuant to Pa.R.A.P. 126, unpublished non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for persuasive value. *See* Pa.R.A.P. 126.

appeal on October 15, 2024. The trial court issued its opinion pursuant to Pa.R.A.P. 1925(a) on November 14, 2024. Appellant argues that the Commonwealth failed to introduce sufficient evidence to prove that he intentionally impeded Victim's breathing or the circulation of her blood. **See** Appellant's Brief at 6.

Strangulation is committed when, "the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by applying pressure to the throat or neck." 18 Pa.C.S.A. § 2718(a)(1). The Crimes Code defines "intentionally" as the actor's "conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A. § 302(b)(1)(i). "Intent can be proven by direct or circumstantial evidence [and] it may be inferred from acts or conduct or from the attendant circumstances." **Commonwealth v. Miller**, 172 A.3d 632, 641 (Pa. Super. 2017).

In a recent case on all fours with the instant appeal, this Court, in **Commonwealth v. Horlick**, 296 A.3d 60 (Pa. Super. 2023), observed that "squeezing a person's neck is well understood to impede that person's breathing [and that fact] alone is enough for a factfinder to reasonably infer that the result is known or intended." **Id.** at 63. Here, the trial court concluded there was sufficient evidence to prove strangulation under Section 2718(a)(1) based upon Victim's recollection of Appellant's statements during the attack, the bruising observed on Victim's neck, and Victim's testimony regarding the pressure Appellant applied to her throat. **See** Trial Court

Opinion, 11/14/24, at 3 (unpaginated).  Our study of the certified record confirms that the evidence introduced at trial supports the trial court's assessment.  Accordingly, we, too, conclude that the evidence was more than sufficient to find Appellant guilty of strangulation. Hence, we affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/29/2025