J-S14024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JUNE BELL | : | |
| Appellant | : | No. 1680 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001680-2022

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                              **FILED JULY 15, 2025**

June Bell ("Bell") appeals from the judgment of the sentence imposed by the Philadelphia Court of Common Pleas ("trial court") following her convictions of aggravated assault, simple assault, disorderly conduct, and resisting arrest.[1]  On appeal, Bell challenges the sufficiency of the evidence to support her aggravated assault conviction.  We affirm.

On February 16, 2022, Bell refused to exit an out-of-service SEPTA bus. Officer Shakeena Watkins was called to the scene to attempt to persuade Bell to leave the bus.  When Officer Watkins approached her, Bell stated, "I'm going to beat you the f*ck up," took a fighting stance, and began swinging

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 2702(a)(3), 2701(a), 5104, 5503(a)(1).

her arms wildly, striking Officer Watkins in the face, causing a small cut. Once Officer Watkins and other officers were able to get Bell under control, she bit Officer Watkins on her hand, following which Officer Watkins yelled at Bell to stop biting her. Following the arrest, the Commonwealth charged Bell with numerous crimes.

On June 7, 2024, after Bell waived her right to a jury trial, the trial court found Bell guilty of the aforementioned crimes. It sentenced Bell to four years of probation.

Bell timely appealed and raises the following question for our review: "Was the evidence legally insufficient to prove beyond a reasonable doubt [Bell's] guilt of aggravated assault, 18 Pa.C.S. § 2702(a)(3)?" Bell's Brief at 2.

In her challenge to the sufficiency of the evidence to support her aggravated assault conviction, Bell argues that the Commonwealth failed to establish that bodily injury resulted from her actions. *Id.* at 5-6. Bell highlights that Officer Watkins testified "that [Bell] didn't really hurt me." *Id.* at 6 (quoting N.T., 6/7/2024, at 20). Further, Bell claims that the evidence did not establish her attempt to cause bodily injury. Bell's Brief at 7-8. Bell notes that Officer Watkins testified that Bell appeared to be "out of it" and "undergoing a mental health crisis." *Id*. at 11 (quoting N.T., 6/7/2024, at 19-20). Additionally, Bell emphasizes Officer Watkins testified that she did not

believe Bell was swinging at her, stating "I don't think it was at me per se. But it was just like wild." *Id.* (quoting N.T., 6/7/2024, at 14).

Our standard of review for a challenge to the sufficiency of the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted).

"A person is guilty of aggravated assault if [s]he … attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other person enumerated in subsection (c), in the performance of duty." 18 Pa.C.S. § 2702(a)(3). Police officers are specifically enumerated in subsection (c) as included in the definition of "officers, agents, employees." *Id.* § 2702(c)(1). The law defines bodily injury as "[i]mpairment of physical condition or substantial pain." *Id.* § 2301.

"[I]n a prosecution for aggravated assault on a police officer the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an *attempt* to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury."

***Commonwealth v. Brown***, 23 A.3d 544, 560 (Pa. Super. 2011) (en banc) (citation omitted, emphasis in original). "To show an attempt to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. A person acts intentionally with respect to a material element of an offense if it is [her] conscious object to engage in conduct of that nature or to cause such a result." ***Commonwealth v. Hatch***, 314 A.3d 928, 932 (Pa. Super. 2024) (citation, quotation marks, and brackets omitted).

At trial, Officer Watkins provided testimony consistent with the recitation of the facts above. ***See*** N.T., 6/7/2024, at 13, 14, 21-22, 33.[2] Viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the Commonwealth as verdict winner, the record supports the finding that Bell attempted to cause bodily injury to Officer Watkins. The evidence of record sufficiently demonstrates that Bell attempted to cause Officer Watkins bodily injury by maintaining a fighting stance, swinging her arms wildly, and striking and biting Officer Watkins, all of which was preceded by her direct statement that she intended to cause bodily harm to Officer Watkins. ***See*** Trial Court Opinion, 9/18/2024, at 5 (Bell's intent to cause bodily harm can be inferred from "her fighting stance, wild swinging of her closed fists, and biting Officer Watkins on the hand"); ***see also Brown***, 23 A.3d at 560 (holding that determining whether officer sustained bodily

_____

[2] Our independent review of the body camera footage confirmed the testimony presented at trial regarding Bell's actions.

injury was irrelevant, as defendant's striking of an officer and flailing of his arms as he resisted arrest was sufficient to show that he intended to cause injury to the officers and support an aggravated assault conviction under section 2702(a)(3)).

Officer Watkins' subjective view of the circumstances, including that Bell was suffering a mental health crisis and not specifically directing her ire to the officer, is of no moment; as stated, our standard of review requires this Court to review all evidence and reasonable inferences drawn in the light most favorable to the Commonwealth, as the verdict winner. **See Juray**, 275 A.3d at 1042; **see also Commonwealth v. Horlick**, 296 A.3d 60, 63 (Pa. Super. 2023) (recognizing that intent can be inferred from acts, conduct, or from the attendant circumstances). Accordingly, the evidence was sufficient to support the aggravated assault conviction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025