J-S02023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :         PENNSYLVANIA
                                    :

            v.                     :
                                    :

ICHYWOND HODGES            :
                                    :

           Appellant       :     No. 2457 EDA 2024

Appeal from the Judgment of Sentence Entered August 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007164-2022

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:            **FILED MARCH 3, 2026**

Ichywond Hodges (Appellant) appeals the judgment of sentence entered following his conviction by a jury of sexual assault.[1] After careful review, we affirm.

The trial court stated the procedural and factual history of this case as follows:

> In July of 2022, two sisters, B.M.D. and F.[], reported that Appellant, their cousin, had molested them many times during their childhood and early teenage years. On September 19, 2022, Appellant was charged with two counts of the following offenses, one with respect to each sister: Rape by Forcible Compulsion (18 Pa.C.S.A. § 3121(a)(1)), Rape of a Child (18 Pa.C.S.A. § 3121(c)), Involuntary Deviate Sexual Intercourse by Forcible Compulsion (18 Pa.C.S.A. § 3123(a)(1)), Involuntary Deviate Sexual Intercourse With a Child (18 Pa.C.S.A. § 3123(b)), and Sexual Assault. The two dockets, CP-51-CR-0007164-2022 (the charges

---

[1] 18 Pa.C.S.A. § 3124.1.

relating to B.M.D.) and CP-51-CR-7468-2022 (the charges relating to F.[]), were consolidated for trial.

The trial began on May 14, 2024.[2] B.M.D., who is now in her early thirties, testified that she and F.[] lived in a relative's house when they were children and that Appellant lived there with them at times. N.T., 5/15/24, at 109. She testified that Appellant made her feel uncomfortable "more than once" while she was growing up. *Id.* at 111. Starting when she was 7 years old, B.M.D. stated, Appellant would come into her bedroom at night, carry her into his room, and "touch on her," including placing his penis in her mouth, vagina, and anus without her consent. *Id.* at 110[,] 112. She said this happened "quite often" when she was between the ages of 7 and 14. *Id.* at 111, 114, 115. Her testimony included detailed descriptions of the rooms where the alleged incidents occurred, *id.* at 111-113; specifics of how an incident would begin and progress, *id.* at 111, 112-14; and her thoughts and feelings during the incidents, *id.* at 113, 114. B.M.D. spoke in a soft voice, struggled to tell the jury the more graphic details of what had happened to her, and became overwhelmed several times. *Id.* at 111, 113, 114. Some members of the jury were visibly moved by her testimony.

Trial Court Opinion, 3/21/25, at 2 (footnote in original but renumbered; citations modified).

The Commonwealth presented five other witnesses. These included F.[], who testified about her own alleged abuse [perpetrated by Appellant]; S.P., who was B.M.D.'s cousin and Appellant's sister; and C.J., the great grandmother of all the cousins, who owned the house where the alleged incidents occurred.

F.[], S.P., and C.J. all testified that B.M.D. and Appellant regularly stayed in C.J.'s home at the same time during the years in question. N.T., 5/16/24, at 60, 141-42, 148, 151, 191-92. Appellant, who testified on his own behalf, also confirmed this. *Id.* at 19. No one, other than B.M.D. herself, testified to witnessing Appellant assault B.M.D., and the Commonwealth did not present any physical evidence.

_____

[2] A previous jury trial, which began on March 6, 2024, ended in a mistrial.

*Id.* at 2-3.

On May 17, 2024, the jury convicted Appellant of sexually assaulting B.M.D. However, the jury acquitted Appellant of all remaining charges at both dockets. N.T., 5/17/24, at 2-3. On August 28, 2024, the trial court sentenced Appellant to three to six years in prison, followed by three years of reporting probation. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Was the conviction of Appellant … based on insufficient evidence to establish beyond a reasonable doubt that [Appellant] committed the charged offense of sexual assault?

Appellant's Brief at 3 (capitalization modified).

Appellant argues that the evidence was legally insufficient to sustain his conviction of sexual assault. *Id.* at 15. Appellant asserts that the Commonwealth relied exclusively on the uncorroborated testimony of B.M.D. concerning the incidents that took place when B.M.D. was between seven and fourteen years old. *Id.* Appellant directs our attention to the lack of forensic, medical, physical, or contemporaneous documentary evidence supporting B.M.D.'s account of the assaults. *Id.* at 15-16. Appellant acknowledges that a victim's testimony, if credible, may support a conviction. *Id.* at 16. However, Appellant points out that "appellate courts have also recognized that vague, contradictory, or inherently unreliable testimony cannot meet constitutional due process standards." *Id.* (citing *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993)).

Appellant argues that at trial, the Commonwealth presented only B.M.D.'s testimony to establish the crime of sexual assault. *Id.* Appellant points out the inconsistencies in B.M.D.'s testimony:

> [H]ere, [B.M.D.] gave varying accounts: [S]he told police on July 3, 2022[,] that assaults began when she was around twelve, but told detectives later they began at age nine or ten, and testified at trial that she was as young as six years old when there was touching and groping in a car (N.T., 3/6/24, [at] 26), [and was] eight years old when there was sexual intercourse (*Id.* at 26, 27)….

*Id.* (citation form modified). Appellant claims these contradictions render the evidence unreliable as a matter of law. *Id.*

Appellant also points out that B.M.D. did not disclose the abuse until she was nineteen years old, "more than five years after the last alleged incident." *Id.* at 17. According to Appellant, "Pennsylvania law allows delayed reporting, but juries are instructed to consider the lack of prompt complaint in evaluating credibility." *Id.* Appellant argues that the inconsistencies in B.M.D.'s testimony, the lack of corroborating evidence, B.M.D.'s delay in reporting, and the jury's verdicts acquitting Appellant of all other charges, compel the conclusion that insufficient evidence supports the verdict. *Id.* at 13-14.

Initially, we observe that a challenge to the sufficiency the evidence requires an assessment of whether the evidence, viewed in the light most favorable to the Commonwealth, establishes each material element of the crime charged beyond a reasonable doubt. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). If the evidence supporting the verdict "is in

contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Id.* The sufficiency of the evidence is a question of law and may be raised for the first time on appeal. *See id.*; *see also* Pa.R.Crim.P. 606(A)(7).

In contrast, a challenge to the weight of the evidence requires the trial court to assess whether "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Widmer*, 744 A.2d at 752 (citation omitted). A weight claim must be presented to the trial court in the first instance, because "[a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Id.* at 753; *see also* Pa.R.Crim.P. 607(A) (requiring a challenge to the weight of the evidence to be presented to the trial judge, in the first instance). The failure to raise a weight claim in the trial court will result in waiver of the issue on appeal, even if the appellant raises the issue in his Rule 1925(b) statement and the trial court addresses it in its Rule 1925(a) opinion. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Here, Appellant argues that B.M.D.'s testimony was not credible because it was contradictory and because of B.M.D.'s delay in reporting the assault. The credibility of the testimony of a witness goes to the weight of the evidence, but not to its legal sufficiency. *Commonwealth v. Dunkins*, 229 A.3d 622, 631-32 (Pa. Super. 2020).

Appellant does not argue that the Commonwealth failed to set forth any evidence to establish each of the elements of the crime charged. Nor does Appellant claim that the evidence in support of the verdict was "in contradiction to the physical facts, in contravention to human experience and the laws of nature[.]" *Widmer*, 744 A.2d at 751. His argument therefore goes to the weight, and not the sufficiency, of the evidence. *See Commonwealth v. Juray*, 275 A.3d 1037, 1043 (Pa. Super. 2022) (stating that sufficiency review "does not include an assessment of [the] credibility of [the] testimony offered by the Commonwealth").

Our review discloses that Appellant failed to challenge the verdict as against the weight evidence before the trial court. Consequently, Appellant waived this issue. *See Sherwood*, 982 A.2d at 494; *see also* Pa.R.Crim.P. 607(A).

In any event, the evidence is sufficient to sustain Appellant's conviction of sexual assault. On review of sufficiency claims, we must determine if the evidence presented at trial, including all reasonable inferences derived from that evidence, "was sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Cruz*, 71 A.3d 998, 1006 (Pa. Super. 2013) (citation and brackets omitted). For review purposes, all record evidence must be considered "in the light most favorable to the Commonwealth as the verdict winner." *Id.* "[T]he credibility of witnesses

and weight of evidence are determinations that lie solely with the trier of fact, [which] is free to believe all, part, or none of the evidence." ***Commonwealth v. Williams***, 854 A.2d 440, 445 (Pa. 2004).

The Crimes Code defines the crime of sexual assault as follows: "[A] person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1.

A "complainant's testimony alone is sufficient to sustain a conviction for a criminal offense, 'so long as that testimony can address and, in fact, addresses, every element of the charged crime.'" ***Commonwealth v. Horlick***, 296 A.3d 60, 62 (Pa. Super. 2023) (quoting ***Commonwealth v. Johnson***, 180 A.3d 474, 481 (Pa. Super. 2018)); ***see also Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006) (recognizing that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant).

As set forth above, B.M.D. testified that Appellant made her feel uncomfortable "more than once" while she was growing up. N.T., 5/15/24, at 109. B.M.D. testified that beginning when she was 7 years old, Appellant would come into her bedroom at night, carry her into his room, and "touch on her," including placing his penis in her mouth, vagina, and anus without her consent. ***Id.*** at 110, 112. She said this happened "quite often" when she was between the ages of 7 and 14. ***Id.*** at 111, 114, 115. Our review discloses no

testimony that is "in contradiction to the physical facts, in contravention to human experience and the laws of nature[.]" **Widmer**, 744 A.2d at 751.

Appellant claims that "appellate courts have [] recognized that vague, contradictory, or inherently unreliable testimony cannot meet constitutional due process standards." Appellant's Brief at 16. Appellant cites **Karkaria**, in support.

In **Karkaria**, this Court held that the evidence was insufficient as a matter of law to sustain the defendant's conviction for forcible rape, because the testimony of the victim, on which the Commonwealth solely relied for its case-in-chief, was "so unreliable and contradictory that it was incapable of supporting a verdict of guilty." **Karkaria**, 625 A.2d at 1172. There, the defendant was charged with raping his step-sister (the victim), who provided the prosecution's sole evidence. The victim testified that defendant sexually assaulted her on a weekly basis for three years, in the same manner each time, while he babysat her on the weekends. **Id.** at 1168. On appeal, the defendant argued the evidence was "so unreliable and contradictory that their verdict could only have been arrived at through speculation and conjecture." **Id.** at 1170.

The Supreme Court reversed the judgment of sentence, finding that the victim's testimony was "riddled with critical inconsistencies," such as (1) the lack of "untoward suspicion" raised by the victim's initial accusations; (2) the insufficient detail in her initial accusations and testimony; (3) the timing and

context of her initial complaints; (4) the victim's "disturbingly" vague and inconsistent testimony about when the alleged acts occurred; (5) the degree of revision in her testimony when confronted with conflict; and (6) the lack of detail supporting any revised or clarified testimony. *Id.* at 1171. The Supreme Court further deemed significant "[t]he lack of evidence as to when the alleged assaults occurred" and that the victim "offered one scenario, and one scenario only, for each one of the 300 or more alleged incidents of sexual assault." *Id.*

> [The victim] stated that the assaults always happened in the same way. She was carried out of the room where she had been watching TV with her brother, [the appellant] undressed her, and lay on top of her. [The victim's] resistance was always the same, never verbal. She merely attempted to sit up and she was pushed back down. No words were ever spoken. [The appellant] never threatened or bribed [the victim] in order to force her compliance or silence regarding the sexual assaults.

*Id.* at 1171.

Here, by contrast, B.M.D.'s testimony did not suffer from such egregious deficiencies. As the trial court explained,

> B.M.D. gave a detailed description of the events. [Appellant's] counsel attempted to argue in closing that [B.M.D.] had testified inconsistently, but was not able to identify any significant discrepancies. N.T., 5/16/24, at 25.
>
> … Appellant contends that the testimony was unreliable because there was insufficient evidence of "motive" or "opportunity." Motive and opportunity are not elements of the crime of sexual assault, however, and the Commonwealth was not required to prove them to sustain a conviction. Moreover, there was ample evidence that Appellant and B.M.D. stayed in the same home during the years in question, giving Appellant an opportunity to

> commit the assaults, and the jury could properly infer motive from the assaults themselves.

Trial Court Opinion, 3/21/25, at 7 (citation modified). Thus, Appellant's reliance on **Karkaria** is unavailing.

Regarding B.M.D.'s delay in reporting, the trial court instructed the jurors that they should consider the delay in evaluating B.M.D.'s testimony. N.T., 5/16/24, at 60-61. The jurors nevertheless credited B.M.D.'s testimony. "[A]s an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder." **Commonwealth v. Rosario**, 307 A.3d 759, 765 (Pa. Super. 2023) (citation omitted). Based on the foregoing, a challenge to the sufficiency of the evidence merits no relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2026