J-A10015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHIEM JEFFERSON | : | |
| | : | |
| Appellant | : | No. 2899 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000989-2022

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED APRIL 16, 2025**

Rashiem Jefferson appeals from the judgment of sentence imposed on October 17, 2023, for his convictions of rape, unlawful contact with minor, aggravated indecent assault, sexual assault, false imprisonment, corruption of minors, indecent assault, and simple assault.[1] Jefferson asserts his convictions are against the weight of the evidence. Finding his only claim waived and without merit, we affirm.

The trial court set forth the relevant factual history:

> [Victim, M.S.] testified that she is [Jefferson's] first cousin. In October 2021 [Victim] was living at her [g]randmom's house at 2337 Nicholas Street, Philadelphia, Pennsylvania. [Jefferson] had recently moved into the home also. On the evening of October

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 6318(a)(1), 3125(a)(1), 3124.1, 2903(a), 6301(a)(1)(ii), 3126(a)(1), and 2701(a)(1), respectively.

10, 2021, [Victim] was at the home with [Jefferson], [Jefferson's] younger brother, and a friend of [Jefferson]. The four of them spent several hours hanging out and smoking marijuana. As it started to get late, [Jefferson's] brother and the family friend left the home. [Victim] fell asleep on one of the two beds located in the room in which they had been hanging out. As [Victim] was sleeping on her stomach, [Jefferson] came up behind her and started pulling her shorts down. "He tried maneuvering them down and stuff, as I'm fighting back, he started, like going towards, like the vagina area in the back, like trying to reach through there and stuff." [Victim] turned her head around and looked at [Jefferson] and told him to stop several times, but [Jefferson] did not respond. [Jefferson] moved her shorts to the side, and [Victim] felt a finger on the outside, and the inside of her vagina. [Jefferson] then put his penis in [Victim's] vagina for 30-40 seconds before he ejaculated on her shorts. [Jefferson] did not say anything afterwards and went to sleep.

Around midnight, on October 11, 2021, [Victim] texted her mom (who lived in West Virginia) asking if she was awake. At 3:10 am [Victim] sends another text to her mother saying [Jefferson] raped her. That morning, [Victim's] mom sent a Lyft rideshare to pick her up and take her to Temple Hospital where a rape kit was performed. At trial, there was a stipulation by and between counsel that Forensic Scientist Ch[r]istian Vellani of the Philadelphia Criminalistics Lab conducted an analysis of the DNA samples in this case and prepared a report concluding a major component of the DNA mixture taken from [Victim's] vaginal swab was consistent with the DNA profile obtained from [Jefferson].

Trial Court Opinion, 8/5/24, at 2-4 (record citations omitted).

Jefferson proceeded to a bench trial on July 14, 2023. The trial court found Jefferson guilty of all charges and sentenced him to 3-6 years' incarceration followed by a consecutive 3 years' probation on October 17, 2023. Jefferson filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Jefferson raises one question for our review:

Was the verdict against the weight of [the] evidence wherein the complaining witness testified incredibly where she made contradictory statements during the trial, preliminary hearing, and her original statement to the police, and where the prompt complaint witness testified to facts specifically denied by the complainant as to call into question the veracity of both parties['] statements such that the guilty verdict shocks one's conscience and sense of justice?

Appellant's Brief, at 3.

Before we turn to the merits of Jefferson's claim, we must first determine if the claim was preserved for our review. The Commonwealth asserts Jefferson waived his claim because it was never presented to the trial court. *See* Appellee's Brief, at 6. We agree.

"A challenge to the weight of the evidence must be raised before the trial court either orally or in a written motion before sentencing, or in a post-sentence motion." *Commonwealth v. Delamarter*, 302 A.3d 1195, 1200 (Pa. Super. 2023) (citing Pa.R.Crim.P. 607(A)(1)-(3)). Jefferson did not file a post-sentence motion, pre-sentence motion, nor raise the weight of the evidence orally at sentencing. Jefferson's claim is therefore waived as it was not raised with the trial court.

Even if not waived, Jefferson would not be entitled to relief. We note our standard and scope of review regarding a challenge to the weight of the evidence is as follows:

A motion for new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of

- 3 -

the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been said that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Sebolka*, 205 A.3d 329, 340-41 (Pa. Super. 2019) (citations, quotation marks, and emphasis omitted).[2]

Jefferson argues his convictions are against the weight of the evidence because the Commonwealth's witnesses testified inconsistently with each other, and the Victim was impeached with her preliminary hearing testimony and her statement to police. **See** Appellant's Brief, at 8-9. Significantly,

_____

[2] We note the same standard applies to bench trials, as was the case here. **See Commonwealth v. Banniger**, 303 A.3d 1085, 1095 (Pa. Super. 2023).

- 4 -

Jefferson never addresses the DNA evidence stipulated to at trial, where his DNA was found on the rape kit performed by hospital personnel.

The trial court found the convictions were not against the weight of the evidence: "Considering [Victim's] credible testimony and the DNA analysis that matched [Jefferson's] sample, the trial [c]ourt does not believe the verdict was against the weight of the evidence." Trial Court Opinion, 8/5/24, at 5.

The trial court did not abuse its discretion. The minor inconsistencies were pointed out and argued to the factfinder at trial. We cannot substitute our judgment for the factfinder, nor can we reweigh the evidence. *See Interest of D.J.K.*, 303 A.3d 499, 507 (Pa. Super. 2023). Further, there was no testimony to explain Jefferson's DNA on Victim's rape kit other than Victim's testimony that Jefferson put his penis in her vagina and stopped after he ejaculated. *See* N.T. Trial, 7/14/23, at 23-25. Because Jefferson is arguing "a mere conflict in the testimony" that cannot support a determination that the verdict is against the weight of the evidence, we affirm. *See Sebolka*, 205 A.3d at 340.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/16/2025</u>