J-S25007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATALIE BROWN | : | |
| | : | |
| Appellant | : | No. 2572 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004931-2023

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED AUGUST 28, 2025**

Natalie Brown ("Appellant") appeals from the judgment of sentence entered on May 13, 2024, in the Philadelphia Court of Common Pleas. On February 6, 2024, Appellant was convicted of aggravated assault, persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing an instrument of crime ("PIC"), terroristic threats, simple assault, recklessly endangering another person ("REAP"), and criminal mischief.[1] On appeal, Appellant claims that this verdict is against the weight of the evidence and that the trial court abused its discretion in denying Appellant a new trial. After careful review, we affirm the judgment of the trial court.

_____

[1] 18 Pa.C.S. §§ 2701(a)(1); 6105; 6106; 6108; 907(a); 2706(a)(1); 2701(a); 2705; and 3304(a)(5), respectively.

The relevant facts and procedural history of this case are as follows: Complainant, Ashley Bellamy, testified to an incident involving Appellant and three other individuals. It began with an argument over how Appellant gained unauthorized access to Bellamy's home the previous week. Despite Appellant wearing a bandana over her face, Bellamy was able to identify her as one of the perpetrators. **See** Appellant's Brief, 3/12/25, at 4. The argument escalated when Appellant fired a single gunshot in Bellamy's direction: "Bellamy testified that she heard the gun make a 'pop' noise, saw an orange flash, and felt 'a hot wind go past [her] face' with tiny particles hitting her face." Trial Court Opinion, 12/02/24, at 3 (citing N.T., 2/6/24, at 15-18). Appellant got into her car and started to drive away. Bellamy got into her own car and followed Appellant while on the phone with 911. Appellant then pulled over, got out of her car, and fired four or five gunshots at Bellamy's car. **See id.** at 4. Bellamy positively identified Appellant as the shooter to investigators.

At trial, the Commonwealth played the 911 call and admitted it into evidence. Bellamy is heard exclaiming that someone was shooting at her car. When asked to clarify what she was describing, Bellamy testified that Appellant shot at her four or five times. **See id.** at 4 (citing N.T., 2/6/24, at 19-21, 29-30; Exhibit C-10). The Commonwealth also presented surveillance video that captured the shots being fired after Appellant pulled over her vehicle and photos of damage to Bellamy's vehicle, which she confirmed were

from gunshots. *See id.* at 5, 7 n.10. The trial court found Bellamy's testimony to be credible and consistent with the physical evidence. *See id.* at 12.

The trial court convicted Appellant on all charges after a bench trial and deferred sentencing pending a presentence investigation. On May 13, 2024, the court sentenced Appellant to two to four years' incarceration for persons not to possess firearms and to eight years' probation for the remaining offenses. *See id.* at 2. On May 23, 2024, Appellant filed a post-sentence motion challenging the weight of the evidence. The court denied the motion on September 4, 2024.  This timely appeal followed. Appellant and the court complied with Rule 1925. *See* Pa.R.A.P. 1925(a), (b).

Appellant raises one question for our review:

> Did the lower court err and abuse its discretion by denying [Appellant's] post-sentence motion for a new trial, as the verdict was so contrary to the weight of the evidence as to shock one's sense of justice, where the Commonwealth's identification evidence was inconsistent and unreliable?

Appellant's Brief, at 3.

Our standard of review for a challenge to the weight of the evidence is well settled. The finder of fact is the exclusive judge of the weight of the evidence: they are "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citation omitted). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth*

***v. Sebolka***, 205 A.3d 329, 341 (Pa. Super. 2019) (citations and emphasis omitted). We will not substitute our judgment for that of the factfinder; nor will we reweigh evidence. ***See Interest of D.J.K.***, 303 A.3d 499, 507 (Pa. Super. 2023).[2]

The same standard is applied whether it is a bench trial or a jury trial. ***See, e.g.***, ***Commonwealth v. Smith***, 146 A.3d 257 (Pa. Super. 2016):

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Clay*, 619 Pa. 423, 64 A.3d 1049, 1054–55 (2013) (quotation marks, quotations, and citations omitted). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (2003) (quotation marks and quotations omitted).

***Commonwealth v. Smith***, 146 A.3d at 264–65 (Pa. Super. 2016).

Here, Appellant claims that she should have been awarded a new trial because, "no credible evidence was presented that [Appellant] was the individual who shot at Ms. Bellamy and her vehicle." Post-Sentence Motion, 5/23/24, at 3. Specifically, Appellant questions Bellamy's ability to identify the shooter and considers Bellamy's testimony "inconsistent and contradictory." Appellant's Brief, 3/12/25, at 8-9. We do not find this argument persuasive.

_____

[2] The same standard is applied whether it is a bench trial or a jury trial. See, e.g., Commonwealth v. Smith, 146 A.3d 257 (Pa. Super. 2016) (

The trial court weighed the evidence presented at the bench trial and deemed Appellant's claim to be without merit. The trial court found Bellamy's testimony to be credible, consistent, and corroborated by her 911 call, damage to her vehicle, and surveillance footage. ***See*** Trial Court Opinion, 12/02/24, at 12. Additionally, Bellamy positively identified Appellant as the shooter at every step in the investigation. ***See id.*** There is no indication that the trial court abused its discretion in this case; rather, its findings were well supported by the record. Accordingly, Appellant is due no relief and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/28/2025